■ In the Matter of RIVER OAKS MARINE, INC., Appellant, v
RIVER OAKS MARINA ASSOCIATES, INC., et al., Respondents. (Ap-
peal No. 1.) [643 NYS2d 458] —Judgment unanimously affirmed
with costs. Same Memorandum as in *Matter of River Oaks
Mar. v River Oaks Marina Assocs.* ([appeal No. 3] 227 AD2d
897 [decided herewith]). (Appeal from Judgment of Supreme
Court, Erie County, Notaro, J.—CPLR art 78.) Present—Green,
J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ In the Matter of RIVER OAKS MARINE, INC., Appellant, v
RIVER OAKS MARINA ASSOCIATES, INC., et al., Respondents. (Ap-
peal No. 3.) [643 NYS2d 798] —Order unanimously affirmed with
costs. Memorandum: Petitioner contends that Supreme Court
erred in dismissing its petition seeking a judgment directing
respondent River Oaks Marina Associates, Inc. (Association),
to hold a special meeting of its shareholders. Petitioner
requested that the Association hold a special meeting of the
shareholders to vote regarding removal of the members of the
present Board of Directors and to elect new members to replace
those who were removed. In its request, petitioner asserted
that it "owned" 132 outstanding shares of stock in the Associa-
tion and therefore was entitled to request a special meeting
pursuant to section 2.03 of the Association by-laws. The As-
sociation denied the request on the ground that petitioner was
not a holder of duly issued and outstanding stock and thus was
not authorized to request a special meeting.

We conclude that the court properly dismissed the petition. In reaching that conclusion, we note that any ambiguity in the offering plan and related documents must be construed against petitioner, who prepared the documents and was obligated pursuant to General Business Law article 23-A to make its offer detailed, complete, current and accurate (*see, 305 E. 24th Owners Corp. v Parman Co.*, 69 NY2d 991, *revg insofar as appealed from on dissenting in part opn* 122 AD2d 684, 691-703, 699).

Section 2.03 of the Association by-laws provides in relevant part that a special meeting may be called at the written request of "the shareholders owning at least 15% of the entire capital stock of the Corporation issued and outstanding". Pursuant to the offering plan, each unit owner or shareholder has the right to vote annually for the Board of Directors. None of the documents in the record specifies that the "Holder of Unsold Shares," i.e., petitioner (the holder of 132 shares), is entitled to vote those shares. Moreover, the Association's certificate of incorporation and by-laws specify that stock will be issued only in connection with the purchaser's execution and delivery of a proprietary lease. Here, petitioner failed either to purchase the unsold shares or to execute proprietary leases for those shares when it declared the offering plan effective, as required by the plan. Thus, those shares remain unsold and have not been duly "issued" to entitle petitioner, their holder, to vote them.

Our conclusion is bolstered by section 3.02 of the Association by-laws, which provides that petitioner is "entitled [to no more] than a minority of the membership of the Board". To allow petitioner to force the removal of members of the Board of Directors and to elect new members based upon its status as the holder of unsold shares would, in effect, permit it to control the Board in contravention of that section. Our conclusion is further bolstered by the statement of petitioner's president in a letter to the Erie County Bar Association that "[t]he Sponsor [petitioner] is a 51% shareholder in the Co-Operative but by the prospectus cannot vote those shares".

We have reviewed petitioner's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Renewal.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.